FILED

MAR 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMINIO ANTONIO ACEVEDO-PEREZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 11-71496 <br><br> BIA No. A070-076-043 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 20, 2013
San Francisco, California

Before: REINHARDT, TASHIMA and NGUYEN, Circuit Judges.

Herminio Antonio Acevedo-Perez, a native and citizen of Guatemala,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

affirming an immigration judge's denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture. He

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

contends that the BIA erred in its determination that he failed to establish past persecution or an objectively reasonable fear of future persecution. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand to the BIA for further proceedings.

Although it is true that unfulfilled threats alone generally do not constitute past persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000), "threats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism," *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) (citing *Ruano v. Ashcroft*, 301 F.3d 1155, 1160–61 (9th Cir. 2002)); *see also Kaiser v. Ashcroft*, 390 F.3d 653, 658–59 (9th Cir. 2004) ("What matters is whether the group making the threat has the will or ability to carry it out." (quoting *Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1285 (9th Cir. 1984))).

Here, Acevedo-Perez credibly testified about his role as a civil defender against guerilla attacks, the letters from guerillas to his mother threatening that he would be killed if he continued his patrols, the guerillas' murder of his uncle—also a civil defender—while they were looking for him, and his flight to the United States to escape the guerillas' reach. Taken together, the death threats to Acevedo-Perez and the related harm to his family, including the murder of someone who

2

held his same politically-sensitive position, all "compel a finding of past persecution." *Salazar-Paucar v. INS*, 281 F.3d 1069, 1075 (9th Cir. 2002); *see also id*. ("Evidence of harm to individuals who held the same political positions to Petitioner's, similar to the harm to Petitioner's family, also supports a finding of past persecution.").

Having established past persecution, Acevedo-Perez was entitled to a presumption that he held a reasonable fear of future persecution, shifting the burden to the government to rebut this presumption by showing changed country circumstances. *See* 8 C.F.R. § 1208.13(b)(1)(ii); *see also Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007). In affirming the immigration judge, the BIA did not afford Acevedo-Perez this presumption. Accordingly, we remand this matter to the BIA to determine in the first instance whether the government has met *its* burden by showing changed country circumstances.[1] *See Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir. 2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1]On remand, we urge the BIA to consider our rule that it would be "fundamentally unfair to permit the BIA to rebut the presumption of persecution by relying on . . . administrative delay in processing the claims of petitioners." *Salazar-Paucar*, 281 F.3d at 1077.